UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

APRIL WOLTMANN AND LESLIE
WOLTMANN

CIVIL ACTION

VERSUS

NO: 16-6492

CHARLES PRESTON,
INDIVIDUALLY AND IN HIS
CAPACITY AS CORONER OF ST.
TAMMANY PARISH, ET AL.

SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by defendants, St. Tammany Parish Coroner's Office, through its coroner Dr. Charles Preston, and Dr. Charles Preston, individually and in his capacity as coroner of St. Tammany Parish. Plaintiffs April Woltmann and Leslie Woltmann oppose the motion. The motion, noticed for submission on August 10, 2016, is before the Court on the briefs without oral argument.

On August 13, 2015, Mr. Shawn Woltmann, a resident of Florida, died while visiting Slidell, Louisiana. The St. Tammany Parish Coroner's Office picked up Mr. Woltmann's body. Mr. Woltmann had been severely injured in a work-related accident in 2014, and was receiving worker's compensation benefits. At the time of his death, Mr. Woltmann was married to plaintiff April Woltmann, and had one child from a previous relationship, plaintiff Leslie Woltmann.

According to the Complaint, Mrs. Woltmann informed the St. Tammany Parish

Coroner's Office about the pending worker's compensation claim and the importance of obtaining a conclusive cause of death to determine whether Mr. Woltmann's death was related to his employment-related accident. Mrs. Woltmann alleges that she advised the staff at the coroner's office that she would have a private autopsy performed if the coroner's autopsy was inconclusive.

At this point Defendants' characterization of the events, as portrayed in the Motion to Dismiss, completely diverges from the version that Plaintiffs allege. According to Defendants, Plaintiffs abandoned Shawn Woltmann's remains and made no effort to claim his body for over ninety days following his death. Meanwhile, Plaintiffs allege in detail the contacts that they, and their attorney, had with the coroner's office during the time frame when they supposedly abandoned Mr. Woltmann's body. Subsequently, Defendants cremated Mr. Woltmann's body without obtaining permission thereby depriving Plaintiffs of the opportunity to have a private autopsy performed in support of the worker's compensation claim.

Defendants move to dismiss the Complaint arguing that the coroner is immune from the claims asserted based on La. R.S. § 13:5713(L). Section 13:5713(L)(1) states:

> Liability shall not be imposed on an elected coroner or his support staff based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

La. Rev. Stat. Ann. § 13:5713(L)(1). The provisions of this immunity do not apply to acts or omissions which constitute *inter alia* outrageous, reckless, or flagrant misconduct. *Id.* § (L)(1)(b).

In the context of a motion to dismiss the Court must accept all factual allegations

in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court is persuaded that Plaintiffs have sufficiently pleaded their case so as to withstand dismissal at the Rule 12(b)(6) stage. The allegations in the Complaint control the analysis, and Plaintiffs' version of events stands in stark contrast to the version that Defendants posit in support of their motion. Plaintiffs' allegations do not foreclose the

possibility that immunity will not apply or at the very least that an issue of fact will prevent summary determination.

As to the question of whether the St. Tammany Parish Sheriff's Office is an entity capable of being sued, the Court sees no reasons to piecemeal the issues before it at this juncture.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by defendants, St. Tammany Parish Coroner's Office, through its coroner Dr. Charles Preston, and Dr. Charles Preston, individually and in his capacity as coroner of St. Tammany Parish is **DENIED**.

August 19, 2016

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE